**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WANDA B. AKINS,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-1575-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for social security disability insurance benefits and supplemental security income. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and** the case is **REMANDED for additional proceedings, as set forth herein.**

### *PROCEDURAL HISTORY*

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on February 24, 2004 (R. 79, 538). After her applications were denied initially and on reconsideration, Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") which was held on June 9, 2006, with a supplemental hearing held on March 15, 2007 (R. 555, 565). The ALJ issued an unfavorable decision on the applications, finding that Plaintiff was capable of performing past relevant work as a fast food worker and other work available in significant numbers in the national economy (R. 16-25). Plaintiff requested review of the hearing decision by the Appeals Council, which was denied (R. 9-11), thus making the ALJ's decision the final decision of the Commissioner.

After being granted an extension of time (R. 7, 8), Plaintiff filed this action (Doc. No. 1), seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1381(c)(3). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge and the matter is fully briefed and ready for resolution.

### *NATURE OF CLAIMED DISABILITY*

Plaintiff claims that she has been unable to work since December 31, 2000 (her date last insured) due to memory loss, herniated discs in her low back and between her shoulders, and pain and other residuals following an automobile accident (R. 88).[1]

*Summary of Evidence Before the ALJ*

Plaintiff was forty seven years of age as of the date of the ALJ's decision, with a high school education and past work experience that includes a stint as a telemarketer, fast food worker and home health aide (R. 18).

The medical evidence is set forth in detail in the ALJ's decision and in the interests of privacy and brevity, will not be repeated here except to the extent necessary to address Plaintiff's objections. By way of summary, the ALJ determined that Plaintiff had the impairments of mild disc bulge at L5-S1, headaches, status post carpal tunnel syndrome release in 1978/79, diabetes, hypercholesterolemia and mild adjustment disorder (R. 18), and the medical evidence of record supports same. The ALJ determined that these impairments, alone or in combination, did not meet or equal any Listing impairment,[2] and Plaintiff retained the residual functional capacity ("RFC") to perform a substantial range of light work (R. 21); specifically: she could occasionally lift/carry 20 pounds and frequently

---

[1] As Plaintiff succinctly describes her condition: "My mind is shot. My back is shot. My hip is shot. I cannot work." (R. 49).

[2] 20 C.F.R., Part 404, Subpart P, Appendix 1.

-2-

lift 10 pounds or less, could sit for up to six hours and stand/walk for up to six hours in an eight hour day with normal breaks, could occasionally perform pushing/pulling functions with her extremities, could not perform constant reaching and handling functions with the fingers of her right upper extremity, and could climb stairs and ramps, but not ropes, ladders or scaffolds; could balance, stoop, kneel, crouch or crawl and should avoid unusual concentration of work place hazards; and she was moderately limited in her capacity to understand, remember and carry out detailed instructions and maintain concentration, persistence and pace (R. 18). The ALJ determined that Plaintiff "was limited to simple repetitive work." *Id.*

Based on her RFC, the ALJ found that Plaintiff could perform her past relevant work as a fast food worker and, alternatively, could perform other specific work available in the national economy (R.. 23 and 24), and was therefore, not under a disability. Plaintiff challenges this last finding.

### *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## *ISSUES AND ANALYSIS*

Plaintiff asserts that the decision must be reversed in that the ALJ erred in: 1) finding Plaintiff's past work as a fast food worker to constitute "past relevant work" under the regulations; 2) relying on vocational expert testimony that conflicted with the Dictionary of Occupational Titles as to both Plaintiff's past work and other work; 3) relying on vocational expert ("VE") testimony that was incomplete and failed to incorporate the Commissioner's own opinion as to Plaintiffs' limitations; and 4) failing to articulate any reasons for not crediting an examining consultative opinion that Plaintiff was unable to perform prolonged walking. The Commissioner appears to acknowledge that certain errors were made, but contends that Plaintiff "has failed to identify any significant, substantive error warranting remand and failed to identify any credible evidence corroborating her allegation of disability." (Brief at 8). While the Court agrees with the general proposition that remand is not necessary if it is only to obtain a perfect opinion without reason to believe that the remand might lead to a different substantive result, the Court cannot agree that the errors here were so "negligible." Remand is required.

**The Five Step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments

-4-

which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Here, the ALJ found that Plaintiff could perform her past relevant work as a fast food worker (step four) and, alternatively, that there were other jobs that existed in significant numbers that Plaintiff could do (step five). Plaintiff challenges these findings.

**Past Relevant Work**

The regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Under 20 C.F.R. § 404.1574 (b)(2) (2006), for the months between the years of January 1990- and June1999, earnings that averaged more than $500 per month would ordinarily show that the claimant engaged in substantial gainful activity. Conversely, earnings equal to or less than that amount "will show that you have not engaged in substantial gainful activity." *Id.*

Here, the record is replete with conflicting evidence as to the particulars of Plaintiff's past work experience as a fast food worker. Plaintiff completed a form indicating that she worked at Wendy's (at some unspecified time in the past) for five hours a day, five days per week, making $5.10 per hour (R. 118). In a different form, however, she stated that she worked at Wendy's for 3 to 4 hours a day, four days a week, and made $5.30 per hour (R. 148). She also told an SSA interviewer that she worked for Wendy's in 1996-7, for six hours a day, five days a week, and made $6.00 per

hour (R. 133). She stated elsewhere that she worked for Wendy's for "about 7 months" but could not remember dates (R. 89).

The administration's records indicate that Plaintiff worked at Wendy's in 1991, earning $2,313.86 for the year, and again in 1992, earning $374.80 (R. 82). The ALJ found, without explanation, that Plaintiff's work at Wendy's was "past relevant work," thus implicitly finding that this work was within the relevant time period and constituted substantial gainful activity. While the parties disagree as to whether work performed in 1991 and 1992 is within the fifteen year time period of an application filed in 2004 and an administrative decision issued in 2007, the Court finds that dispute to be of no moment, as the record does not support the ALJ's finding that Plaintiff's earnings constituted substantial gainful activity.

The official record shows that Plaintiff did not earn over $500 per month at Wendy's at any time in 1992, and there is conflicting evidence as to the amount of hours, number of months and salary earned in 1991. Regardless of whether Plaintiff worked three days or five, if the ALJ credited Plaintiff's statements that she worked for about 7 months, the total earned for that work in 1991 divided by seven falls significantly short of the $500 per month threshold. Absent any explanation for the finding that Plaintiff's experience as a fast food worker constitutes past relevant work at step four of the sequential evaluation, the finding is not supported by substantial evidence.

If the ALJ had concluded his review at step four of the analysis, this error would mandate reversal and remand for additional consideration and this Court's review would be completed. In his determination, however, the ALJ made an alternative finding that Plaintiff was not disabled under step five of the analysis. If that finding is supported by substantial evidence, the error at step four is harmless. The Court, however, is unable to make such a finding.

**When Vocational Expert Is Necessary**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant cannot perform other work that exists in the national economy. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995). In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines [the "grids"]. *Foote*, 67 F.3d at 1558. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Foote*, 67 F.3d at 1559; *Heckler v. Campbell*, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements). Exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills." *Walter v. Bowen*, 826 F.2d 996, 1002-3 (11th Cir. 1987). In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. *Foote*, 67 F.3d at 1559.

Here, because the ALJ found that Plaintiff's ability to perform the full range of light work was impeded by additional limitations (R. 24), the ALJ utilized a VE and explicitly relied on his testimony in making the determination that Plaintiff was not disabled. *Id.* At hearing, the ALJ asked the VE to assume a hypothetical claimant could lift and carry ten pounds frequently, twenty pounds occasionally, stand and walk for six hours per eight hour day, sit for six hours per eight hour day, avoid exposure to certain hazards, could not engage in constant reaching, handling, or fingering with the right upper extremity, and had moderate limitations in the capacity to understand, remember and

carry out detailed instructions and moderate limitations in concentration. The ALJ then summarized the mental limitations as encompassing simple, repetitive work (R. 609-11). In response, the VE testified that, in addition to fast food worker, such a hypothetical claimant could perform other work, including cloth folder, cafeteria attendant, and parking lot cashier (R. 610). The ALJ inquired as to whether the VE's testimony varied from the estimates contained in the Dictionary of Occupational Titles ("the DOT"), and the VE responded: "I don't believe so, your honor." (R. 614). The ALJ relied on this testimony and made a specific finding that the testimony was "consistent with the information contained in the [DOT]" (R. 24). Plaintiff correctly contends that this statement is inaccurate.

*Limitations on reaching and handling*

As pointed out by Plaintiff, the DOT provides that the occupation of fast food worker and the occupation of cloth folder require constant reaching and handling, an ability that is explicitly *excluded* from the hypothetical posed to the VE. Thus, to the extent the VE testified that the DOT was consistent with his opinion that a hypothetical claimant precluded from engaging in constant reaching and handling in one arm could work as a fast food worker or cloth folder, this testimony is not accurate. While the Commissioner points out that the limitation was directed solely to the right hand (thus, implying that the claimant could use her left hand at will), Plaintiff is right handed (R. 575), and there is no testimony that either of these occupations could be performed acceptably with just the non-dominant hand.

*Limitations in understanding and carrying out directions*

Moreover, the hypothetical included a moderate limitation in the capacity to understand, remember and carry out detailed instructions and moderate limitations in concentration. Indeed, the ALJ described the claimant's abilities to the VE as encompassing "simple, repetitive work" (R. 609-

11, *see also* R. 21). According to the DOT,[3] reasoning level "1" jobs can be performed by an individual who can understand and carry out "simple one- or two-step instructions." The occupations of fast food worker, cloth folder, and cafeteria attendant carry with them a reasoning level of "2" The occupation of parking lot cashier has a reasoning level of "3."

Reasoning level "2" jobs can be performed by an individual who can understand and carry out "detailed but uninvolved written or oral instructions." *Patton v. Astrue,* 2008 WL 906694, 5 (M.D. Fla. 2008), *citing* DOT, Vol. 11, 4th Ed., at 1011. According to the DOT, level three reasoning is the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, Vol. 11, 4th Ed.(available online at 1991 WL 688702). While not entirely clear, it does appear that the DOT descriptions are not consistent with opinion of the VE that a claimant limited to simple repetitive tasks could perform work at reasoning level 2 and 3. At the very least, the record does not indicate any explanation as to how the hypothetical claimant limited to only simple repetitive tasks could perform any of these occupations, as described by the DOT.

Plaintiff asserts that this is plain error and inconsistent with SSR 00-4p, which requires that an ALJ explain and resolve any conflicts between a VE's testimony and the DOT. Plaintiff cites *Patton v. Astrue*:

> Occupational evidence provided by a vocational expert should be consistent with the occupational information provided under the DOT. The ALJ must resolve any conflict between the evidence provided by a vocational expert which is inconsistent with information in the DOT before relying on the vocational evidence to support a decision that the individual is or is not disabled. The ALJ must explain in the decision how he or she resolved the conflict between the occupational evidence provided by the VE and the DOT. *Jones v. Apfel*, 190 F.3d 1224 (11th Cir.1999).

---

[3]DOT, Vol. 11, 4th Ed. (available online at 1991 WL 688702).

*Patton v. Astrue*, 2008 WL 906694, 5 (M.D. Fla. 2008) (holding that failure to address or resolve the conflict in the occupational evidence offered by the VE and the DOT renders the administrative decision unsupported by substantial evidence). The Commissioner correctly notes that, in this circuit, the ALJ is not required to go on a searching inquiry into the contents of the DOT to verify consistency with the testimony of the VE, citing *Miller v. Commissioner of Social Security,* 246 Fed.Appx. 660, 662, 2007 WL 2461771 (11th Cir. 2007) (unpublished). As recently explained by Judge Jones:

> Further, the law of the Circuit provides that where there is a conflict between the testimony of the VE and the description in the DOT the testimony of the VE trumps the DOT.
> \*\*\*
> Plaintiff incorrectly assumes SSR 00-4p is violated simply where an inconsistency may exist. This interpretation is generally at odds with the law in the Eleventh Circuit–predating SSR 00-4p–concerning the binding effect of the testimony of a VE when there is a conflict. Before SSR 00-4p was promulgated in December 2000, several circuits had taken different approaches in resolving a conflict between the testimony of a VE and the DOT. [FN28 omitted] The Eleventh Circuit in *Jones v. Apfel* [FN29 omitted] held that "... when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." [FN30 omitted] The court in *Jones* reasoned that the VE's testimony may be followed because the "DOT is not the sole source of admissible information concerning jobs" and that by its own wording "the SSA itself does not consider the DOT dispositive." [FN31 omitted] Thus, under *Jones* an ALJ may rely upon the testimony of a VE without first resolving any conflict with the DOT.

*Sollars-D'Annunzio v. Astrue* 2009 WL 302170, 10 (M.D. Fla. 2009). Judge Jones noted that in *Miller,* a panel of the Circuit held that "because social security rulings do not bind the courts, even where an inconsistency exists between the testimony of a VE and the DOT, an ALJ is entitled to rely upon the testimony of the VE, without resolving the conflict. This is so, according to *Miller,* because the rule in *Jones* that the "VE's testimony trumps the DOT," is binding precedent in this Circuit, notwithstanding the promulgation of SSR 00-4p. *Id.* Thus, it appears to be the current state of the law in this Circuit that the ALJ must inquire as to whether the VE's testimony is consistent with the

-10-

DOT but, if it is not, an ALJ may rely upon the testimony of the VE without first resolving any conflict.

This Court acknowledges the holding in *Miller,* an unpublished decision, but does not find that it controls the result here. In this case, the ALJ made an affirmative finding that the VE's testimony "was consistent with the information contained in the Dictionary of Occupational Titles" (R. 24). Thus, this is not a case where the VE testified that his opinion conflicted with the DOT and the ALJ, for whatever reason, did not resolve the conflict and instead adopted the VE's testimony. Rather, the VE testified that his testimony was believed to be *consistent* with the DOT; a belief that was misplaced. The ALJ did not resolve the conflict, because he was not aware that any conflict existed. While the law allows for an ALJ to *choose* to rely on testimony that conflicts with the DOT, the record here indicates that the ALJ, at all times, believed that the VE testimony reflected the information contained in the DOT. Thus, the ALJ did not make a *choice* in finding that the testimony was consistent with the DOT; he was misinformed. *Miller* does not apply.

For similar reasons, the Court is not persuaded by the recent decision of *Kelley v. Astrue,* 2009 WL 2731341 (M.D. Fla. 2009). There, the plaintiff contended that the ALR erred in relying on VE testimony that was inconsistent with the DOT. The ALJ specifically instructed the VE at the administrative hearing: "if anything you testify to is inconsistent with the information in the DOT I want you to notify me at the time you provide that testimony, please explain the inconsistency and the reason for it." The VE responded: "okay" but during the hearing, did not identify any conflicts between her testimony and the DOT, nor did the Plaintiff raise any conflicts or otherwise challenge the VE's testimony. *Id.* Judge Jones rejected that plaintiff's claim that the conflict was "so obvious that the ALJ should have known that a conflict" existed, noting that it was not established that a conflict actually existed and, even if it did, it was not so obvious that the ALJ should have recognized

-11-

it and the ALJ was not required to resolve it anyway, under *Miller.* As set forth above, unlike *Kelley,* this is not a case of VE *omission;* here, there was an affirmative representation that the testimony *was consistent* with the DOT.

The Commissioner notes that even if there were error here, any inconsistency between the VE's testimony and the DOT is so slight as to be harmless in view of the overwhelming evidence that Plaintiff is not disabled. It is not the task of the Court to weigh or re-weigh the evidence in order to support a conclusion; rather, the Court must determine only whether the findings of the ALJ are properly supported in fact and law. The ALJ, through no fault of his own, made a finding that is not supported by substantial evidence. The Court cannot know how important that finding was in the ALJ's formulation of his ultimate conclusion. In this limited circumstance, the matter must be remanded for additional development of the vocational record and further consideration.

**Hypothetical Questions**

Although not dispositive in view of the above, the Court addresses the remaining arguments. Plaintiff contends that the hypothetical presented to the VE was incomplete in that it did not include the limitation on only occasional performance of pushing and pulling functions with her extremities. Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id*. at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

The Commissioner acknowledges that the ALJ did not incorporate that restriction in the hypothetical, but contends that:

> the ALJ instructed the VE that Plaintiff was capable of performing activities such as driving a car or light truck that require some pushing and pulling (Tr. 608). Moreover, the definition of light work includes the ability to perform some pushing and pulling of arm and leg controls. 20 C.F.R. §§ 404.1567(b), 419.967(b). Significantly, the jobs the VE identified do not appear to require significant pushing and pulling, and Plaintiff has not even contended that she is unable to perform these jobs because of pushing and pulling limitations.

(Brief at 13).

The record citation does not support the contention that ALJ felt Plaintiff was capable of driving a car or light truck and that activity required some pushing and pulling. *See* R. 608 ("And I'm not talking about driving a closed four wheel car or light truck.") Moreover, the ALJ specifically found that Plaintiff was not able to perform the full range of light work, so the fact that this category includes the ability to push and pull is of no moment. Finally, the Court has no basis to determine whether the jobs the VE identified do or do not "require significant pushing and pulling." Indeed, this is the entire point of posing the limitation to the VE in the first place.

Plaintiff's point is well taken. On remand, the ALJ shall pose a complete hypothetical to the VE.

### Dr. Ryan's opinion

Plaintiff's last contention is that the ALJ failed to articulate any reasons for not crediting Dr. Ryan's examining consultative opinion that she was unable to perform prolonged walking. The ALJ mentioned the opinion in formulating his own findings (R. 19-20, 23). While the ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor," *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987), here the ALJ noted the opinion and relied on it as evidence that Plaintiff has the capacity to perform at her assigned RFC (R. 23). Dr. Ryan opined

-13-

that Plaintiff could stand/walk for a total of six hours per day (R. 486). The ALJ found that Plaintiff could stand or walk for up to 6 hours with normal breaks (R. 21). No error is shown.[4]

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED and the case REMANDED** for additional proceedings with respect to the vocational findings. The Clerk is directed to enter judgment accordingly and to close the file.

**DONE** and **ORDERED** in Orlando, Florida on September 10, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[4] The Court finds no glaring inconsistency between an inability to engage in prolonged walking and an ability to sit for up to six hours and stand or walk for up to six hours in an eight hour day with normal breaks.